USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YENSY CONTRERAS individually, and on behalf of all other similarly situated,

                            Plaintiff,

-against-

PURE SEASONS, INC,

                            Defendant.

1:22-cv-00130 (MKV)

**ORDER ON LETTER MOTION**

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Yensy Contreras commenced this lawsuit on January 6, 2022. [ECF No. 1]. Plaintiff alleges that Defendant Pure Seasons, Inc does not provide a fully accessible website for visually impaired individuals in contravention of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq.* [ECF No. 1 at 10-11].

       No counsel has made an appearance on behalf of Defendant Pure Seasons, Inc.  On February 9, 2022, Pure Seasons, Inc., by an individual employee, filed a Notice of Motion to Dismiss [ECF No. 5].  However, no counsel for Pure Seasons, Inc. had made an appearance on its behalf.  On February 12 and 14, 2022, the Court received an additional declaration [ECF No. 9] and letter [ECF No. 10] filed on behalf of Pure Seasons, Inc. in further support of the filed Notice of Motion to Dismiss.  Plaintiff has filed a letter [ECF No. 6] opposing the Notice of Motion to Dismiss, requesting that the Court strike the Notice because it was filed on behalf of a corporation without counsel.

       It is well settled that corporations may not appear without counsel.  *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).  The Notice of Motion to Dismiss, and

accompanying letters and declarations, were filed by a non-attorney individual on behalf of Defendant Pure Seasons, Inc., which is not represented by counsel. As such, the motion and related letters cannot and will not be considered by the Court. The Court, however, denies Plaintiff's request that the Notice of Motion to Dismiss be struck from the docket.

The Court notes that an electronic summons was issued in this case on January 7, 2022. [ECF No. 4]. Thereafter, Plaintiff must have served or otherwise been in contact with the Defendant, because an individual not licensed as an attorney has submitted letters on the company's behalf. No affidavit of service of summons and complaint has been filed on the docket however.

IT IS HEREBY ORDERED that Plaintiff shall file an affidavit of service of summons and complaint on the docket on or before March 1, 2022. The Court intends to extend Defendant's time to respond so that counsel may be retained, if Defendant is properly served and chooses to do so. **Defendant is warned that failure to retain counsel in this action may be grounds for the entering of a default judgment for failure to defend pursuant to Federal Rule of Civil Procedure 55(a).** *See Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, 2013 U.S. Dist. LEXIS 203862, at *4 (S.D.N.Y. Aug. 20, 2013). The Clerk of the Court respectfully is requested to terminate the letter motion at ECF No. 5.

**SO ORDERED.**

**Date: February 24, 2022**
       **New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**