UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2022

YENSY CONTRERAS individually, and on behalf of all other similarly situated,

                Plaintiff,

-against-

PURE SEASONS, INC,

                Defendant.

1:22-cv-00130 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    On April 20, 2022, the Court held a conference regarding the seriatim letters filed by individual employees on behalf of the unrepresented Defendant Pure Seasons, Inc. [ECF Nos. 5, 10, 13, 15]. Counsel for the Plaintiff and individual employees for the Defendant attended the conference telephonically. This Order memorializes and supplements the instructions given by the Court at the conference.

    Plaintiff Yensy Contreras commenced this lawsuit on January 6, 2022. [ECF No. 1]. Plaintiff alleges that Defendant Pure Seasons, Inc does not provide a fully accessible website for visually impaired individuals in contravention of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq.* [ECF No. 1 at 10-11]. On February 14, 2022, the Court received a communication from individual employees of the Defendant stating that the website was fully accessible. [ECF No. 10]. The Plaintiff did not respond to the February 14 submission. Thereafter, on April 19, 2022, the Court received a further communication from individual employees of the Defendant stating that the website was fully accessible. [ECF No. 15]. Plaintiff again did not respond to the April 19 submission. At the conference held on April 20, 2022, counsel for the Plaintiff

1

represented that neither he nor his client have visited the website since the inception of this lawsuit. The Court strongly encourages Plaintiff to visit the website she believes is not accessible.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Furthermore, the issue of adequate service speaks to whether this Court has personal jurisdiction over the Defendant for purposes of any motion for default judgment the Plaintiff may seek in the future. *See Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (noting that the "lawful exercise of personal jurisdiction by a federal court requires [in part the] satisfaction [that] plaintiff's service of process upon the defendant [was] procedurally proper."); *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 439-40 (S.D.N.Y. 2012) (quoting *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006)) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Lack of personal jurisdiction over the Defendant may abrogate the Court's ability to grant Plaintiff any relief against Defendant, whether or not it appears to move for dismissal. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."). Accordingly, Plaintiff is directed to serve the Defendant and file proof of service on the docket on or before May 20, 2022.

Defendant is again reminded that corporations may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). **Defendant is warned that failure to**

...

**retain counsel in this action, once properly served, may be grounds for the entering of a default judgment for failure to defend pursuant to Federal Rule of Civil Procedure 55(a).** *See Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc.*, 2013 U.S. Dist. LEXIS 203862, at *4 (S.D.N.Y. Aug. 20, 2013).

Once Plaintiff has served the Defendant and filed proof of service on the docket, the Court will refer this matter by separate order to the assigned Magistrate Judge for settlement purposes.

**SO ORDERED.**

**Date:  April 20, 2022**
**          New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**